**IN RE: ADOPTION OF JERRY McDANIEL, a Minor**

35 So. (2nd) 585
June 1, 1948
Rehearing denied June 15, 1948

January Term, 1948
Division A

*Donald Walker,* for appellant.

*David J. Lewis* and *H. M. Voorhis,* for appellee.

CHAPMAN, J.:

On January 16, 1947, Wilbur Everly and wife, Viola Elizabeth Everly, filed in the Circuit Court of Orange County, Florida, their petition, under Chapter 21759, Acts of 1943, Laws of Florida, praying for an order of adoption of a male child born in Orange County, Florida, on December 13, 1946. The petitioners obtained the custody of the child from its mother, when it was ten days old. Attached to the petition was the written consent of the mother to the court proceedings, including the final order of adoption. The petitioners agreed with the mother to support, educate, rear, protect and care for the child as their own until 21 years of age, whom they named Jerry Rogers Everly.

The State Welfare Board on April 8, 1947, in its written report represented that the petitioners were suitable persons to whom the child should be committed and approved the proposed adoption order, but in light of the information then before it suggested that the petitioners be awarded a temporary custody of the child for a period of five months and that the Welfare Board be given notice of the time and place of hearings on the petition for adoption. Service of process on the father of the infant was obtained by publication and on August 4, 1947, the court below by interlocutory order set the matter down for hearing on the question of a final decree of adoption, some 41 days after August 4, 1947. The temporary custody of the child was awarded to the petitioners for three months from September 8, 1947, until December 9, 1947, upon recommendation of the State Welfare Board.

On November 3, 1947, the State Welfare Board, after investigations, made additional recommendations with reference to the proposed adoption of the child: (a) one of the petitioners, Viola Elizabeth Everly, recently died; (b) Wilbur Everly, as a single man, is not in a position to give the needed care and attention to the infant; (c) the natural mother has revoked her consent as previously given to the adoption of the child; (d) it is now her desire that the child be placed for adoption with a licensed child placing agency; (e) the care and attention now given the child by Wilbur Everly was inadequate and since the death of his wife is not a suitable person to have the custody of the child, although he had its care since it was ten days old.

The report, in part, recited, "From observation and facts secured the child has been given good physical care. He is learning to walk and now knows the difference in persons. He needs supervision, love and affection of a mother so that he can be given proper training. According to the information secured, he has recently shown tendencies toward temper, which is evidence of insecurity. He is an attractive child who makes friends easily, is alert and responsive for his age, and according to the statement of the physician has developed normally physically." Thus it appears to the writer, from a study of the report, that the child is now developing physically as a result of appropriate care and attention given by Wilbur Everly.

On November 25, 1947, a motion was made to dismiss the petition for adoption on grounds viz: (1) the natural mother consented to the adoption order but since has withdrawn and now repudiates the consent as previously given; (2) since giving her consent to the adoption of the petitioners, Viola Elizabeth Everly, died; (3) Wilbur Everly as a single person is not in a position to care for and give it the necessary training; (4) the natural mother is now opposed to the order of adoption on the part of Wilbur Everly. The court below, on December 10, 1947, entered an order dismissing the petition for adoption.

Counsel for the parties by stipulation supplemented the original record by (a) filing a copy of the petition for rehear-

ing; and (b) a copy of the petition filed on the part of Wilbur Everly and Pauline R. Everly, it being made to appear that Wilbur Everly and Pauline Raymond married on December 7, 1947. The petition for a rehearing was denied on December 22, 1947, and the temporary custody of the child awarded to Wilbur Everly until an appeal to the Supreme Court of Florida was heard and determined. It is assumed that this order dismissed the petition filed by Wilbur Everly and wife, Pauline R. Everly, as an appeal was taken therefrom and the order supra dated December 10, 1947.

Section 15 of Chapter 21759, supra, provides that "all proceedings herein shall be as in chancery and shall be governed by the same rules as in other chancery causes, except as may be herein expressed, changed or modified. Sections 63.08 to 63.18, F.S.A., authorize courts of chancery to make additional parties in the administration of justice but we fail to find in the transcript an application of the new wife, Pauline R. Everly, to be made a party to the cause and it appears that the lower court never ruled upon her right to become a party or to be heard in the matter, although her name is signed to the petition and by her and her husband sworn to before an officer.

Chapter 21,759, Acts of 1943, as amended by Chapter 23,721, Acts of 1947, Laws of Florida, confers considerable discretionary authority upon the Circuit Courts of Florida in adoption proceedings and it is with trepidation that we interfere with the power as embodied in the court order or decree. The affection of Wilbur Everly for his foster son, Jerry Rogers Everly, cannot be lightly cast aside or held for naught as the record reflects good faith and the best of motives in an effort to support and care for the child, inclusive of obtaining a final decree of adoption. It is a reasonable inference from a study of the record that such a decree would have been entered had not death removed his first wife, Viola Elizabeth Everly.

If it is determined, after a careful investigation, that Wilbur Everly's home since his second marriage is a proper home for the infant and the consent and approval of Mrs. Pauline R. Everly is obtained, after she is made a party to the suit, then these factors should be considered and weighed, with other

conditions and circumstances, prior to the entry of an order on the merits. It is our view that the dismissal order should be reversed for further proceedings in the court below not inconsistent with the views herein expressed.

Reversed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.